## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| C.K., | |
| Plaintiff, | Civil Action No.: 23-cv-0968 |
| v. | |
| PI KAPPA ALPHA INTERNATIONAL FRATERNITY, INC.; PI KAPPA ALPHA FRATERNITY - LOCAL CHAPTER MU ALPHA AT ROWAN UNIVERSITY; ROWAN UNIVERSITY; OLUWATOMIWA ADEWUSI; JOHN AND JANE DOES (1-10); and ABC ENTITIES (1-10), | **NOTICE OF REMOVAL** |
| Defendants. | |

Defendant Rowan University ("Rowan"), through its counsel, Saul Ewing LLP, hereby gives notice of the removal of this action from the Superior Court of New Jersey, Law Division, Gloucester County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  The grounds for removal are as follows:

1.      On January 13, 2023, Plaintiff C.K. ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of New Jersey, Law Division, Gloucester County. This matter is captioned *C.K. v. Pi Kappa Alpha International Fraternity, Inc. et al.*, Docket No. GLO-L-46-23.  A true and correct copy of the Complaint is attached as **Exhibit A**.

2.      Rowan was served with a copy of the Summons and Complaint on January 18, 2023.

3.      Rowan has not yet filed a responsive pleading to Plaintiff's Complaint.

4.      Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely because it has been filed within 30 days of service of the Complaint on Rowan.

5.      Pursuant to 28 U.S.C. § 1331, the United States District Courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint alleges a claim under 42 U.S.C. § 1983, which is a federal law enacted by Congress.  *See* **Exhibit A**, at ¶¶ 30-36.

7.      In addition to the federal claim, Plaintiff alleges claims for negligence and/or gross negligence, negligent infliction of emotional distress, negligent failure to provide a safe and secure environment, sexual assault and battery, and punitive damages.  *Id.* at ¶¶ 37-67. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because such claims are so related to the federal claim that they form part of the same case or controversy.  Specifically, the federal and state law claims in Plaintiff's Complaint all arise out of the same underlying facts: *i.e.*, Plaintiff was allegedly sexually assaulted and/or abused by Defendant Oluwatomiwa Adewusi while at a party hosted by Defendant Phi Kappa Alpha Fraternity – Chapter Mu Alpha, allegedly on Rowan's campus.

8.      Based on the foregoing, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 because it arises under federal law and related state law claims that arises out of the same set of facts.

9.      Pursuant to 28 U.S.C. §§ 1441(a), this case is appropriately removable to federal court.

2

10.     Since the Complaint was originally filed in the New Jersey Superior Court, Gloucester County, this action is properly venued in the Camden Vicinage of the United States District Court for the District of New Jersey.

11.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Law Division, Gloucester County, simultaneously with the filing in this Court.

12.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be served upon Plaintiff.

13.     Pursuant to 28 U.S.C. § 1446(a) and L.R. 5.1(e), true and legible copies of all process, pleadings, papers, and Orders which have been served upon Rowan in this matter are collectively attached hereto as **Exhibit B**.

14.     This Notice of Removal is filed subject to and without waiver of any rights Rowan may have with respect to Plaintiff's claims.

15.     To date, counsel have not entered their appearance for the other Defendants in this matter, and therefore Rowan has been unable to secure their consent to removal.

**WHEREFORE**, Rowan respectfully requests that this matter be removed from the New Jersey Superior Court, Law Division, Gloucester County, to the United States District Court for the District of New Jersey.

**SAUL EWING LLP**

By: */s/ James A. Keller*
     James A. Keller, Esq.
     Rebecca R. Starner, Esq.
     1500 Market Street, 38th Floor West
     Philadelphia, PA 19102
     (215) 972-1964
     (215) 972-4152 (fax)
     James.Keller@saul.com
     Rebecca.Starner@saul.com

Dated:   February 17, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served today on the following via electronic mail and first class mail, addressed as follows:

McLaughlin & Lauricella P.C.
Paul A. Lauricella, Esq.
W. Robb Graham, Esq.
Alexandra A. Stulpin, Esq.
100 Century Parkway, Suite 160
Mount Laurel, New Jersey 08054
*Attorneys for Plaintiff*

Laffey, Bucci & Kent LLP
Michael J. McFarland, Esq.
371 Hoes Lane, Suite 200
Piscataway, New Jersey 08854
mmcfarland@laffeybuccikent.com
*Attorneys for Plaintiff*

*/s/ James A. Keller*
James A. Keller

Dated: February 17, 2023

# Exhibit A

**McLAUGHLIN & LAURICELLA, P.C.**
**Paul A. Lauricella, Esquire**
Attorney I.D. No. 273402019
**W. Robb Graham, Esquire**
Attorney I.D. No. 034661983
**Alexandra A. Stulpin, Esquire**
Attorney I.D. No. 163562015
100 Century Parkway, Suite 160
Mount Laurel, New Jersey 08054
856-380-3999 (Phone)
856-380-3998 (Fax)

**LAFFEY, BUCCI & KENT LLP**
**Michael J. McFarland, Esquire**
Attorney I.D. No. 212292016
**Gaetano D'Andrea, Esquire**
(*Pro Hac Vice pending*)
**Jillian Roth**
(*Pro Hac Vice pending*)
371 Hoes Lane, Suite 200
Piscataway, NJ 08854
Phone: (215)-399-9255
Fax: (215)-241-8700
*Counsel for Plaintiff, C.K.*

| | |
|---|---|
| C.K.<br>c/o McLAUGHLIN & LAURICELLA, P.C.<br>100 Century Parkway<br>Suite 160<br>Mount Laurel, NJ 08054<br><br>Plaintiff,<br><br>v.<br><br>PI KAPPA ALPHA INTERNATIONAL FRATERNITY, INC.<br>8347 West Range Cove,<br>Memphis, Tennessee 38125<br><br>-and-<br><br>PI KAPPA ALPHA FRATERNITY-LOCAL CHAPTER MU ALPHA at ROWAN UNIVERSITY<br>201 Mullica Hill Road, | SUPERIOR COURT OF NEW JERSEY<br>GLOUCESTER COUNTY<br>LAW DIVISION – CIVIL PART<br><br>DOCKET NO.:<br><br>**CIVIL ACTION COMPLAINT**<br>**JURY TRIAL DEMAND** |

Glassboro, NJ 08028

-and-

ROWAN UNIVERISITY
201 Mullica Hill Road,
Glassboro, NJ 08028

-and-

OLUWATOMIWA ADEWUSI
504 Peach Street,
Avenel, NJ 07001

-and-

JOHN AND JANE DOES (1-10)

-and-

ABC ENTITIES (1-10)

Defendants.

## I. __INTRODUCTION__

Plaintiff, C.K., by and through her undersigned attorneys, by way of Civil Action Complaint, alleges and states as follows:

## II. __PARTIES__

1. Plaintiff, C.K., is an individual who was sexually assaulted and/or abused in New Jersey by Defendant, Oluwatomiwa Adewusi, while at a party hosted by Phi Kappa Alpha Fraternity - Chapter Mu Alpha located on Rowan University's campus. Plaintiff is proceeding under a pseudonymous designation pursuant to N.J.S.A. 2A:61B-1(f), and Plaintiff can be served and otherwise reached through her counsel of record, McLaughlin & Lauricella, P.C., 100 Century Parkway, Suite 160, Mount Laurel, NJ 08054.

2.      Defendant, Pi Kappa Alpha International Fraternity, Inc., (hereinafter sometimes referred to as "PIKE International") is a non-profit corporation, which owns, operates, controls, and/or provides policies and rules for the local chapter, Pi Kappa Alpha Fraternity – Chapter Mu Alpha (hereinafter sometimes referred to as the "PIKE Chapter" and/or "PIKE"), incorporated as a 501(c)(7) and located at 8347 West Range Cove, Memphis, Tennessee 38125.  PIKE Chapter is an agent of PIKE International and PIKE International regulates, controls, and inspects what PIKE Chapter can and cannot do.  PIKE International is also able to disband PIKE Chapter if it fails to adhere to PIKE International regulations.

3.      Defendant, Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University (hereinafter sometimes referred to as "PIKE Chapter" and/or "PIKE"), is a fraternity at Rowan University and is the local chapter of Defendant, Pi Kappa Alpha International Fraternity, Inc.  PIKE Chapter is and at all times material hereto was, a non-profit corporation incorporated as a 501(c)(7) and located at Rowan University, 201 Mullica Hill Road, Glassboro, NJ 08028.

4.      Defendant, Rowan University, is a non-profit corporation, which operates, supervises, and oversees, Defendant, Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, incorporated as a 501(c)(3) and located at 201 Mullica Hill Road, Glassboro, NJ 08028.

5.      Defendant, Oluwatomiwa Adewusi, is an adult individual and citizen of the State of New Jersey currently residing therein at 504 Peach Street, Avenel, NJ 07001.

6.      Defendants, John/Jane Does (1-10) and ABC Entities (1-10), are fictitious names for fraternity brothers/members, fraternity executive board members, individuals, trustees, directors, officers, employees, agents, servants, volunteers, sole proprietorships, organizations, non-profits, corporations, and/or other legal entities and/or fictitious names who/which had the

3

responsibility to supervise, oversee, control, or monitor Oluwatomiwa Adewusi, and/or Pi Kappa Alpha International Fraternity, Inc., and/or Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, and/or Rowan University at all times material hereto and/or were involved in the actions, inactions, and/or decision-making that allowed Oluwatomiwa Adewusi to abuse C.K.

## III.   <u>JURISDICTION AND VENUE</u>

18.     This Court has jurisdiction over this action since Defendants, Pi Kappa Alpha International Fraternity, Inc., Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, and Rowan University are non-profit corporations authorized to do business in New Jersey and because the unlawful conduct complained of herein occurred in New Jersey.

19.     Venue is proper in this vicinage pursuant to N.J.S.A. 4:3-2 because Defendants, Pi Kappa Alpha International Fraternity, Inc., Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, and Rowan University are business entities which, at all times material hereto, were doing business in Gloucester County, New Jersey.

## IV.   <u>EVENTS GIVING RISE TO THE CAUSES OF ACTION</u>

20.     On the night of February 4, 2021, Plaintiff attended a fraternity event hosted by Defendant, PIKE Chapter, and located on Defendant, Rowan University's, campus.  The event was widely attended by students in Rowan University's Greek life.  Upon information and belief, the event was scheduled and authorized by the officers, members, and social chair of PIKE Chapter, and it was planned so that copious amounts of alcohol would be made available, served, and/or provided to members and guests, many of whom would be under the age of 21 years old.

21.     Plaintiff was eighteen (18) years old at the time.

22.     The event at the PIKE Chapter house was held in violation of the law and its own meaningless rules and regulations.  PIKE Chapter served anyone and everyone who came to the event alcoholic beverages.  In violation of PIKE Chapter 's own rules, the students were encouraged, if not forced, to drink.  Furthermore, despite students already appearing intoxicated, PIKE Chapter continued to serve alcoholic beverages. PIKE Chapter knew or should have known the people they were serving, forcing and/or encouraging to drink were under 21 years old.

23.     Upon information and belief, neither PIKE officers, its members, or its social chair, made any plans or provisions for the presence of reasonable security or supervision for the event. PIKE Chapter was negligent in planning this event insofar as it involved unfettered consumption of alcohol by all attendees, irrespective of age.

24.     While attending Defendant PIKE Chapter's fraternity event, Plaintiff was sexually abused and/or raped by Oluwatowmiwa Adewusi.

25.     Despite the fact that Plaintiff was visibly intoxicated, none of the brothers in PIKE Chapter intervened to prevent Defendant Adewusi from sexually assaulting Plaintiff.  PIKE Chapter had no mechanism of supervision or security to prevent a visitor, guest, and/or invitee of their event from bringing an obviously intoxicated girl into a private bedroom and raping her.

26.     PIKE Chapter knew, or reasonably should have known, that its attendees would be consuming alcohol.  By not having adequate security or oversight of liquor distribution, PIKE Chapter negligently failed to take reasonable precautions to ensure that alcohol was only consumed responsibly by attendees over twenty-one (21) years of age.

27.     PIKE Chapter knew, or reasonably should have known, that its visitors, guests, and/or invitees, would likely attempt to sexually assault drunk women at their party given the known prevalence of sexual assault that occurs nationally in fraternity houses during events and/or

parties. By not having adequate security or oversight of who enters the PIKE Chapter house, PIKE Chapter was negligent in allowing Defendant Adewusi to enter the PIKE house; allowing him to sexually assault Plaintiff. Fraternities have a duty to their guests to ensure their safety. PIKE Chapter and PIKE International knew safety measures are needed and can easily be implemented yet failed to do anything.

28.     At all times relevant hereto, Defendant, Oluwatowmiwa Adewusi, was a visitor, guest, and/or invitee, of Defendants, PIKE Chapter and Rowan University. Defendants, PIKE Chapter and Rowan University, knew, or reasonably should have known, that Defendant Adewusi was a sexual predator and at risk to sexually abuse other visitors, guests, and/or invitees, including Plaintiff, C.K.

## V.     INJURIES/DAMAGES SUSTAINED BY PLAINTIFF, C.K.

29.     As a direct and proximate result of the conduct described hereinabove, Plaintiff has suffered physical injuries, severe emotional distress, shortened economic horizons, a diminished and tarnished youth, diminished enjoyment of life, anxiety, depression, suicidal ideation, suicidal attempts, body image issues, trust issues, hypervigilance, dissociation, self-blame, self-doubt, humiliation, pain, embarrassment, is unable to live a normal life, is unable to engage in normal sexual development and activities, and suffers from self-destructive behavior patterns and will continue to do so in the future, and has incurred and will incur in the future, medical, hospital, and mental healthcare/psychiatric expenses in amounts yet to be determined.

## VI.     BASES OF LIABILITY

**COUNT I**
**42 U.S.C. §1983**
**C.K. v. ROWAN UNIVERSITY, JOHN/JANE DOES (1-10),**
**AND ABC ENTITIES (1-10)**

30.     Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

31.     PIKE Chapter is a fraternity at Defendant, Rowan University, and has its house located on Defendant, Rowan University's, campus.

32.     Defendant, Rowan University, has supervision and control over Defendant, PIKE Chapter.

33.     Defendant, Rowan University, acted under color of law when it engaged in the conduct described in this Complaint.

34.     Defendant, Rowan University, was deliberately indifferent to a known risk of physical and sexual assault by visitors, guests, and/or invitees of a PIKE Chapter sponsored event and/or party.

35.     As a public or governmental entity and/or as public or government officials, Defendant is responsible for "state created danger," for which Plaintiff states a claim against Defendant for violation of Plaintiff's civil rights pursuant to 42 U.S.C.A. §1983.

36.     As a direct and proximate result of Defendants' actions and inactions, as described herein, Plaintiff was caused to suffer the physical and emotional injuries described elsewhere in this Complaint.

**WHEREFORE**, Plaintiff, C.K., hereby demands judgment against Defendants, Rowan University, John/Jane Does (1-10), and ABC Entities (1-10), for compensatory and punitive damages, interests, costs of suit, attorney's fees, and such other relief as the Court or jury may deem just and proper.

**COUNT II**
**NEGLIGENCE AND/OR GROSS NEGLIGENCE**
**C.K. v. PI KAPPA ALPHA INTERNATIONAL, INC., PI KAPPA ALPHA FRATERNITY**
**– LOCAL CHAPTER MU ALPHA at ROWAN UNIVERSITY, ROWAN UNIVERSITY,**

**JOHN/JANE DOES (1-10), AND ABC ENTITIES (1-10)**

37.     Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

38.     Defendants, Pi Kappa Alpha International, Inc., Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, and Rowan University, by and through its agents, servants, and/or employees, had a duty to exercise the highest degree of care for the visitors, guests, and/or invitees in its custody and control, and to protect those visitors, guests, and/or invitees from sexual abuse.

39.     PIKE Chapter exists as a chapter and agent of PIKE International, chartered and allowed to exist by PIKE International.  PIKE International retains significant control and supervision over the PIKE Chapter at Rowan University through its laws, rules, policies and procedures, chapter operations guide, and use of staff and alumni advisors who regularly check and report on the PIKE Chapter's activities and as to whether it is following PIKE International's mandates.

40.     PIKE Chapter and PIKE International assumed obligations of providing security for fraternity events and fraternity premises, enforcing the terms and conditions of their Membership Agreement, their own risk management policies and procedures, and their chapter operations guide, and managing fraternity events so as to comply with the law and regulations of Rowan University and the State of New Jersey.

41.     PIKE Chapter and PIKE International owed statutory, common law, and assumed duties to plan lawful fraternity events, provide reasonably safe premises for such events, and to prevent/protect Plaintiff from being raped at the PIKE Chapter house during a fraternity event and/or party.

8

42.     PIKE Chapter exists as an agent of Rowan University and is allowed to exist at Rowan University's campus by Defendant, Rowan University.  Rowan University retains significant control and supervision over the PIKE Chapter through its laws, rules, policies, and procedures.

43.     PIKE Chapter exercised control over conduct occurring on the premises upon which Plaintiff was forced, without consent, into sexual intercourse with a visitor, guest, and/or invitee of the fraternity while intoxicated.  PIKE Chapter exercised control over its visitor, guest, and/or invitee, Defendant, Adewusi's, conduct.

44.     PIKE Chapter exercised control over the premises upon which Plaintiff and Defendant, Adewusi, were served alcohol and Plaintiff became intoxicated.  PIKE Chapter served alcohol to underage visitors, guests, and/or invitees and continued to do so despite their increasingly intoxicated state.

45.     PIKE Chapter, PIKE International, and Rowan University owed a duty of care to Plaintiff and owed Plaintiff a duty to keep her safe and act with reasonable care toward her while she was on Defendants' premises.  PIKE Chapter, PIKE International, and Rowan University were under a duty to exercise reasonable care regarding the risk of harm that the conduct creates in the guests, visitors, and/or invitees it invites and the engagement of social activities associated with the fraternity.

46.     Defendants named in this Count breached the duty of care by acting with reckless disregard for Plaintiff's rights and well-being, causing her harm through non-consensual sexual intercourse.

47.     Defendants, PIKE Chapter, PIKE International, and Rowan University breached their duties by, among other things:

9

a.  relying on underage members to manage the PIKE Chapter, its activities, and the enforcement of risk management policies, the Code of Non-Academic Conduct, at the PIKE house;

b.  failing to adequately train the PIKE Chapter and its members and officers on risk management, alcohol and illegal drug policies, crisis management policies, sexual abuse and rape prevention, the Code of Non-Academic Conduct, chapter operations guide, and other management policies and procedures:

c.  failing to provide effective supervision and control over PIKE Chapter members, guests, visitors, and/or invitees, and activities authorized, directed, and participated in by those guests, visitors, and/or invitees;

d.  failing to implement reasonable measures to enforce state laws, local ordinances, the Code of Non-Academic Conduct, and fraternity policies to make PIKE Chapter's conduct safer;

e.  failing to implement reasonable measures to stop dangerous and/or unlawful activities which they knew, or should have known, were occurring within the PIKE Chapter house and PIKE Chapter sponsored events and/or parties;

f.  failing to implement and enforce reasonable safety/security measures when, by their own conduct, they created or increased the foreseeable risk that a guest such as Plaintiff might be harmed by the conduct of a visitor, guest, and/or invitee, including harm caused by the foreseeable criminal sexual conduct of Defendant, Adewusi;

g.  failing to discipline PIKE Chapter members for engaging in activities that created the dangerous conditions at the PIKE Chapter house, implicitly allowing those conditions;

h.  failing to support proper risk management, crisis management, sexual abuse prevention and education, and house management programs;

i.  hosting a social event and/or party while failing to provide appropriate monitors or security throughout the duration of the event to monitor the activities of both members and guests with the objective of promoting compliance with fraternity rules and policies, university rules and policies, local ordinances, New Jersey law, Rowan University's Code of Conduct, and general safety;

j.  failing to intervene to prevent the sexual abuse of the Plaintiff by other guests, visitors, and/or invitees of the PIKE Chapter supervised event and/or party despite actual and/or constructive knowledge of the act of abuse; and

k.  vicarious liability, including reckless conduct, for the errors and omissions of Defendants, Chudzinski, Schoch, Zaris, Fadojutimi, Lichter, Stamos, Eylon, Samara, Lynch, Mehaffey, and Oddo during the relevant time period.

l.  failure to supervise and monitor activity at the PIKE Chapter house during a PIKE Chapter sponsored event and/or party, despite serving alcohol to underaged visitors, guests, and/or invitees;

m.  failing to protect the Plaintiff from sexual abuse by Defendant, Adewusi

n.  failing to prevent the sexual abuse of Plaintiff by Defendant, Adewusi;

o.  failing to identify, stop, and/or prevent inappropriate and/or illegal behavior, including, but not limited to rape;

p.  failing to intervene to prevent the sexual abuse of the Plaintiff by other guests, visitors, and/or invitees of the PIKE Chapter supervised event and/or party despite actual and/or constructive knowledge of the act of abuse;

q.  failing to support proper risk management, crisis management, sexual abuse prevention and education, and house management programs;

r.  hosting a social event and/or party while failing to provide appropriate monitors or security throughout the duration of the event to monitor the activities of both members and guests with the objective of promoting compliance with fraternity rules and policies, university rules and policies, local ordinances, New Jersey law, Rowan University's Code of Conduct, and general safety; and

s.  failing to implement and enforce reasonable safety/security measures when, by their own conduct, they created or increased the foreseeable risk that a guest such as Plaintiff might be harmed by the conduct of a visitor, guest, and/or invitee, including harm caused by the foreseeable criminal sexual conduct of Defendant, Adewusi.

48.  In addition to the direct claims against Defendants, PIKE Chapter, PIKE International, and Rowan University, said Defendants are vicariously liable to Plaintiff for injuries sustained as a result of negligence, gross negligence, outrageous conduct and/or reckless misconduct, as described above, of persons or entities whose conduct was under their control, or right to control and whose conduct directly and proximately caused Plaintiff's injuries. Moreover, Defendants PIKE Chapter, PIKE International, and Rowan University ratified actions of their agents, thereby making Defendants, PIKE Chapter, PIKE International, and Rowan University vicariously liable for those acts.

49.     As a direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Plaintiff suffered the injuries described more fully elsewhere in this Complaint.

**WHEREFORE**, Plaintiff, C.K., hereby demands judgment against Defendants, Pi Kappa Alpha International, Inc., Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, Rowan University, John/Jane Does (1-10), and ABC Entities (1-10), for compensatory and punitive damages, interests, costs of suit, attorney's fees, and such other relief as the Court or jury may deem just and proper.

**COUNT III**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**C.K. v. PI KAPPA ALPHA INTERNATIONAL, INC., PI KAPPA ALPHA FRATERNITY – LOCAL CHAPTER MU ALPHA at ROWAN UNIVERSITY, ROWAN UNIVERSITY, OLUWATOMIWA ADEWUSI,**
**JOHN/JANE DOES (1-10), AND ABC ENTITIES (1-10)**

50.     Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

51.     Defendant, Oluwatomiwa Adewusi, by force and deception raped Plaintiff and caused Plaintiff to have sexual intercourse with him without her consent.

52.     The sexual abuse of Plaintiff by Defendant, Adewusi, proximately caused Plaintiff to suffer extreme humiliation and anxiety, severe emotional distress and mental anguish, and other physical and psychological injuries.

53.     As described above, the actions of Defendants, Pi Kappa Alpha International, Inc. Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, Rowan University, John/Jane Does (1-10), and ABC Entities (1-10), were conducted in a negligent and/or grossly negligent manner.

54.     Defendants, Pi Kappa Alpha International, Inc., Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, John/Jane Does (1-10), and ABC Entities (1-10), knew

12

or should have known that their actions would result in serious emotional distress to Plaintiff beyond what a normal person could be expected to endure.

55.     As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiff suffered the injuries and damages described herein, including but not limited to, mental and emotional distress.

**WHEREFORE**, Plaintiff, C.K., hereby demands judgment against Defendants, Pi Kappa Alpha International, Inc., Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, Rowan University,  John/Jane Does (1-10), and ABC Entities (1-10), for compensatory and punitive damages, interests, costs of suit, attorney's fees, and such other relief as the Court or jury may deem just and proper.

### COUNT IV
### NEGLIGENT FAILURE TO PROVIDE A SAFE AND SECURE ENVIRONMENT
### C.K. v. PI KAPPA ALPHA INTERNATIONAL, INC., PI KAPPA ALPHA FRATERNITY – LOCAL CHAPTER MU ALPHA at ROWAN UNIVERSITY, ROWAN UNIVERSITY, JOHN/JANE DOES (1-10), AND ABC ENTITIES (1-10)

56.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs of the Complaint as if fully set forth at length.

57.     Defendants assumed a duty to protect the safety and welfare of Plaintiff, as more fully set forth above, when Plaintiff attended the PIKE Chapter sponsored event and/or party as a guest, visitor, and/or invitee.  This duty was imposed upon said Defendants; the responsibility to provide a reasonably safe and secure environment for Plaintiff while she was a guest, visitor, and/or invitee at the PIKE Chapter house.

58.     While Plaintiff was a guest, visitor, and/or invitee at Defendant, PIKE Chapter's, sponsored event and/or party, Defendants failed to exercise the degree of care that a reasonably prudent fraternity and/or university would have exercised under similar circumstances.

13

59.     The Defendants and their agents, servants, and employees were negligent, careless, and reckless, and acted willfully, wantonly, and were grossly negligent in failing to provide a safe and secure environment for Plaintiff while she was a guest, visitor, and/or invitee at PIKE Chapter's house, and, as such, was sexually abused by another guest, visitor, and/or invitee at PIKE Chapter's house.

60.     As a direct result of said conduct, Plaintiff has suffered the injuries and damages described herein.

**WHEREFORE**, Plaintiff, C.K., hereby demands judgment against Defendants, Pi Kappa Alpha International, Inc., Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, Rowan University,  John/Jane Does (1-10), and ABC Entities (1-10), for compensatory and punitive damages, interests, costs of suit, attorney's fees, and such other relief as the Court or jury may deem just and proper.

## COUNT V
## SEXUAL ASSAULT AND BATTERY
## C.K. v. OLUWATOMIWA ADEWUSI

61.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs of the Complaint as if fully set forth at length.

62.     Defendant, Oluwatomiwa Adewusi, sexually assaulted Plaintiff as set forth in this Complaint.

63.     Defendant, Oluwatomiwa Adewusi, engaged in unlawful touching and other intrusions, including sexual intercourse, upon Plaintiff's person without Plaintiff's consent.

64.     As a direct and proximate result of the conduct described hereinabove, Plaintiff has suffered the injuries and damages described herein.

**WHEREFORE**, Plaintiff, C.K. hereby demands judgment against Defendant, Oluwatomiwa Adewusi, for compensatory and punitive damages, interest, costs of suit, attorney's fees, and such other relief as the Court or jury may deem just and proper.

### COUNT VI
### REQUEST FOR PUNITIVE/EXEMPLARY DAMAGES
### C.K. v. ALL DEFENDANTS

65.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs of the Complaint as if fully set forth at length.

66.     Defendants' conduct, as aforesaid, was willful, wanton, malicious, reckless, outrageous, and/or grossly negligent in nature.

67.     As a direct and/or indirect result of said conduct, Plaintiff has suffered the injuries and damages described herein.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly, severally, and/or in the alternative, for punitive damages, together with interests and costs.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues contained herein, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

### RULE 4:5-1 CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other pending and/or contemplated action or pending and/or contemplated proceeding. I know of no other parties who should be joined in this action at this time.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Plaintiff hereby designates Paul A. Lauricella, Esq. as trial counsel for Plaintiff.

15

## DEMAND TO ANSWER FORM C UNIFORM INTERROGATORIES

Please take notice that pursuant to <u>R.</u> 4:17-1(b)(ii), Plaintiff demands certified answers to Form C of the Uniform Interrogatories set forth in the Appendix II to the Rules Governing Civil Practice.

**McLAUGHLIN & LAURICELLA, P.C.**

/s/ *Paul A. Lauricella*

PAUL A. LAURICELLA, ESQUIRE
W. ROBB GRAHAM, ESQUIRE
ALEXANDRA A. STULPIN, ESQUIRE
GAETANO D'ANDREA, ESQUIRE
MICHAEL MCFARLAND, ESQUIRE
JILLIAN ROTH, ESQUIRE

Date:   January 12, 2023        Attorneys for Plaintiff

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-000046-23

**Case Caption:** K. C.  VS PI KAPPA ALPHA INTER
NATIONAL

**Case Initiation Date:** 01/13/2023

**Attorney Name:** MICHAEL J MCFARLAND

**Firm Name:** LAFFEY BUCCI & KENT LLP

**Address:** 1100 LUDLOW ST STE 300

PHILADELPHIA PA 19107

**Phone:** 2035307516

**Name of Party:** PLAINTIFF : K., C.

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** ASSAULT AND BATTERY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** YES

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: C. K.?** YES
**Plaintiff's date of birth:** 03/24/2002
**Est. date of first incident of abuse:** 02/04/2021

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/13/2023
Dated

/s/ MICHAEL J MCFARLAND
Signed

# Exhibit B

**McLAUGHLIN & LAURICELLA, P.C.**
**Paul A. Lauricella, Esquire**
Attorney I.D. No. 273402019
**W. Robb Graham, Esquire**
Attorney I.D. No. 034661983
**Alexandra A. Stulpin, Esquire**
Attorney I.D. No. 163562015
100 Century Parkway, Suite 160
Mount Laurel, New Jersey 08054
856-380-3999 (Phone)
856-380-3998 (Fax)

**LAFFEY, BUCCI & KENT LLP**
**Michael J. McFarland, Esquire**
Attorney I.D. No. 212292016
**Gaetano D'Andrea, Esquire**
(*Pro Hac Vice pending*)
**Jillian Roth**
(*Pro Hac Vice pending*)
371 Hoes Lane, Suite 200
Piscataway, NJ 08854
Phone: (215)-399-9255
Fax: (215)-241-8700
*Counsel for Plaintiff, C.K.*

| | |
|---|---|
| C.K.<br>c/o McLAUGHLIN & LAURICELLA, P.C.<br>100 Century Parkway<br>Suite 160<br>Mount Laurel, NJ 08054 | SUPERIOR COURT OF NEW JERSEY<br>GLOUCESTER COUNTY<br>LAW DIVISION – CIVIL PART |
|                Plaintiff, | DOCKET NO.: |
| v. | **CIVIL ACTION COMPLAINT**<br>**JURY TRIAL DEMAND** |
| PI KAPPA ALPHA INTERNATIONAL<br>FRATERNITY, INC.<br>8347 West Range Cove,<br>Memphis, Tennessee 38125 | |
|         -and- | |
| PI KAPPA ALPHA FRATERNITY-<br>LOCAL CHAPTER MU ALPHA at<br>ROWAN UNIVERSITY<br>201 Mullica Hill Road, | |

Glassboro, NJ 08028

-and-

ROWAN UNIVERISITY
201 Mullica Hill Road,
Glassboro, NJ 08028

-and-

OLUWATOMIWA ADEWUSI
504 Peach Street,
Avenel, NJ 07001

-and-

JOHN AND JANE DOES (1-10)

-and-

ABC ENTITIES (1-10)

Defendants.

## I.   __INTRODUCTION__

Plaintiff, C.K., by and through her undersigned attorneys, by way of Civil Action Complaint, alleges and states as follows:

## II.   __PARTIES__

1.      Plaintiff, C.K., is an individual who was sexually assaulted and/or abused in New Jersey by Defendant, Oluwatomiwa Adewusi, while at a party hosted by Phi Kappa Alpha Fraternity - Chapter Mu Alpha located on Rowan University's campus.  Plaintiff is proceeding under a pseudonymous designation pursuant to N.J.S.A. 2A:61B-1(f), and Plaintiff can be served and otherwise reached through her counsel of record, McLaughlin & Lauricella, P.C., 100 Century Parkway, Suite 160, Mount Laurel, NJ 08054.

2.     Defendant, Pi Kappa Alpha International Fraternity, Inc., (hereinafter sometimes referred to as "PIKE International") is a non-profit corporation, which owns, operates, controls, and/or provides policies and rules for the local chapter, Pi Kappa Alpha Fraternity – Chapter Mu Alpha (hereinafter sometimes referred to as the "PIKE Chapter" and/or "PIKE"), incorporated as a 501(c)(7) and located at 8347 West Range Cove, Memphis, Tennessee 38125.  PIKE Chapter is an agent of PIKE International and PIKE International regulates, controls, and inspects what PIKE Chapter can and cannot do.  PIKE International is also able to disband PIKE Chapter if it fails to adhere to PIKE International regulations.

3.     Defendant, Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University (hereinafter sometimes referred to as "PIKE Chapter" and/or "PIKE"), is a fraternity at Rowan University and is the local chapter of Defendant, Pi Kappa Alpha International Fraternity, Inc.  PIKE Chapter is and at all times material hereto was, a non-profit corporation incorporated as a 501(c)(7) and located at Rowan University, 201 Mullica Hill Road, Glassboro, NJ 08028.

4.     Defendant, Rowan University, is a non-profit corporation, which operates, supervises, and oversees, Defendant, Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, incorporated as a 501(c)(3) and located at 201 Mullica Hill Road, Glassboro, NJ 08028.

5.     Defendant, Oluwatomiwa Adewusi, is an adult individual and citizen of the State of New Jersey currently residing therein at 504 Peach Street, Avenel, NJ 07001.

6.     Defendants, John/Jane Does (1-10) and ABC Entities (1-10), are fictitious names for fraternity brothers/members, fraternity executive board members, individuals, trustees, directors, officers, employees, agents, servants, volunteers, sole proprietorships, organizations, non-profits, corporations, and/or other legal entities and/or fictitious names who/which had the

3

responsibility to supervise, oversee, control, or monitor Oluwatomiwa Adewusi, and/or Pi Kappa Alpha International Fraternity, Inc., and/or Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, and/or Rowan University at all times material hereto and/or were involved in the actions, inactions, and/or decision-making that allowed Oluwatomiwa Adewusi to abuse C.K.

## III.   JURISDICTION AND VENUE

18.     This Court has jurisdiction over this action since Defendants, Pi Kappa Alpha International Fraternity, Inc., Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, and Rowan University are non-profit corporations authorized to do business in New Jersey and because the unlawful conduct complained of herein occurred in New Jersey.

19.     Venue is proper in this vicinage pursuant to N.J.S.A. 4:3-2 because Defendants, Pi Kappa Alpha International Fraternity, Inc., Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, and Rowan University are business entities which, at all times material hereto, were doing business in Gloucester County, New Jersey.

## IV.   EVENTS GIVING RISE TO THE CAUSES OF ACTION

20.     On the night of February 4, 2021, Plaintiff attended a fraternity event hosted by Defendant, PIKE Chapter, and located on Defendant, Rowan University's, campus.  The event was widely attended by students in Rowan University's Greek life.  Upon information and belief, the event was scheduled and authorized by the officers, members, and social chair of PIKE Chapter, and it was planned so that copious amounts of alcohol would be made available, served, and/or provided to members and guests, many of whom would be under the age of 21 years old.

21.     Plaintiff was eighteen (18) years old at the time.

4

22.     The event at the PIKE Chapter house was held in violation of the law and its own meaningless rules and regulations.  PIKE Chapter served anyone and everyone who came to the event alcoholic beverages.   In violation of PIKE Chapter 's own rules, the students were encouraged, if not forced, to drink.  Furthermore, despite students already appearing intoxicated, PIKE Chapter continued to serve alcoholic beverages. PIKE Chapter knew or should have known the people they were serving, forcing and/or encouraging to drink were under 21 years old.

23.     Upon information and belief, neither PIKE officers, its members, or its social chair, made any plans or provisions for the presence of reasonable security or supervision for the event. PIKE Chapter was negligent in planning this event insofar as it involved unfettered consumption of alcohol by all attendees, irrespective of age.

24.     While attending Defendant PIKE Chapter's fraternity event, Plaintiff was sexually abused and/or raped by Oluwatowmiwa Adewusi.

25.     Despite the fact that Plaintiff was visibly intoxicated, none of the brothers in PIKE Chapter intervened to prevent Defendant Adewusi from sexually assaulting Plaintiff.   PIKE Chapter had no mechanism of supervision or security to prevent a visitor, guest, and/or invitee of their event from bringing an obviously intoxicated girl into a private bedroom and raping her.

26.     PIKE Chapter knew, or reasonably should have known, that its attendees would be consuming alcohol.  By not having adequate security or oversight of liquor distribution, PIKE Chapter negligently failed to take reasonable precautions to ensure that alcohol was only consumed responsibly by attendees over twenty-one (21) years of age.

27.     PIKE Chapter knew, or reasonably should have known, that its visitors, guests, and/or invitees, would likely attempt to sexually assault drunk women at their party given the known prevalence of sexual assault that occurs nationally in fraternity houses during events and/or

parties.  By not having adequate security or oversight of who enters the PIKE Chapter house, PIKE Chapter was negligent in allowing Defendant Adewusi to enter the PIKE house; allowing him to sexually assault Plaintiff.  Fraternities have a duty to their guests to ensure their safety.  PIKE Chapter and PIKE International knew safety measures are needed and can easily be implemented yet failed to do anything.

28.     At all times relevant hereto, Defendant, Oluwatowmiwa Adewusi, was a visitor, guest, and/or invitee, of Defendants, PIKE Chapter and Rowan University.  Defendants, PIKE Chapter and Rowan University, knew, or reasonably should have known, that Defendant Adewusi was a sexual predator and at risk to sexually abuse other visitors, guests, and/or invitees, including Plaintiff, C.K.

## V.     <u>INJURIES/DAMAGES SUSTAINED BY PLAINTIFF, C.K.</u>

29.     As a direct and proximate result of the conduct described hereinabove, Plaintiff has suffered physical injuries, severe emotional distress, shortened economic horizons, a diminished and tarnished youth, diminished enjoyment of life, anxiety, depression, suicidal ideation, suicidal attempts, body image issues, trust issues, hypervigilance, dissociation, self-blame, self-doubt, humiliation, pain, embarrassment, is unable to live a normal life, is unable to engage in normal sexual development and activities, and suffers from self-destructive behavior patterns and will continue to do so in the future, and has incurred and will incur in the future, medical, hospital, and mental healthcare/psychiatric expenses in amounts yet to be determined.

## VI.    <u>BASES OF LIABILITY</u>

**COUNT I**
**42 U.S.C. §1983**
**C.K. v. ROWAN UNIVERSITY, JOHN/JANE DOES (1-10),**
**<u>AND ABC ENTITIES (1-10)</u>**

30.     Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

31.     PIKE Chapter is a fraternity at Defendant, Rowan University, and has its house located on Defendant, Rowan University's, campus.

32.     Defendant, Rowan University, has supervision and control over Defendant, PIKE Chapter.

33.     Defendant, Rowan University, acted under color of law when it engaged in the conduct described in this Complaint.

34.     Defendant, Rowan University, was deliberately indifferent to a known risk of physical and sexual assault by visitors, guests, and/or invitees of a PIKE Chapter sponsored event and/or party.

35.     As a public or governmental entity and/or as public or government officials, Defendant is responsible for "state created danger," for which Plaintiff states a claim against Defendant for violation of Plaintiff's civil rights pursuant to 42 U.S.C.A. §1983.

36.     As a direct and proximate result of Defendants' actions and inactions, as described herein, Plaintiff was caused to suffer the physical and emotional injuries described elsewhere in this Complaint.

**WHEREFORE**, Plaintiff, C.K., hereby demands judgment against Defendants, Rowan University, John/Jane Does (1-10), and ABC Entities (1-10), for compensatory and punitive damages, interests, costs of suit, attorney's fees, and such other relief as the Court or jury may deem just and proper.

**COUNT II**
**NEGLIGENCE AND/OR GROSS NEGLIGENCE**
**C.K. v. PI KAPPA ALPHA INTERNATIONAL, INC., PI KAPPA ALPHA FRATERNITY**
**– LOCAL CHAPTER MU ALPHA at ROWAN UNIVERSITY, ROWAN UNIVERSITY,**

## JOHN/JANE DOES (1-10), AND ABC ENTITIES (1-10)

37.     Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

38.     Defendants, Pi Kappa Alpha International, Inc., Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, and Rowan University, by and through its agents, servants, and/or employees, had a duty to exercise the highest degree of care for the visitors, guests, and/or invitees in its custody and control, and to protect those visitors, guests, and/or invitees from sexual abuse.

39.     PIKE Chapter exists as a chapter and agent of PIKE International, chartered and allowed to exist by PIKE International.  PIKE International retains significant control and supervision over the PIKE Chapter at Rowan University through its laws, rules, policies and procedures, chapter operations guide, and use of staff and alumni advisors who regularly check and report on the PIKE Chapter's activities and as to whether it is following PIKE International's mandates.

40.     PIKE Chapter and PIKE International assumed obligations of providing security for fraternity events and fraternity premises, enforcing the terms and conditions of their Membership Agreement, their own risk management policies and procedures, and their chapter operations guide, and managing fraternity events so as to comply with the law and regulations of Rowan University and the State of New Jersey.

41.     PIKE Chapter and PIKE International owed statutory, common law, and assumed duties to plan lawful fraternity events, provide reasonably safe premises for such events, and to prevent/protect Plaintiff from being raped at the PIKE Chapter house during a fraternity event and/or party.

42.    PIKE Chapter exists as an agent of Rowan University and is allowed to exist at Rowan University's campus by Defendant, Rowan University.   Rowan University retains significant control and supervision over the PIKE Chapter through its laws, rules, policies, and procedures.

43.    PIKE Chapter exercised control over conduct occurring on the premises upon which Plaintiff was forced, without consent, into sexual intercourse with a visitor, guest, and/or invitee of the fraternity while intoxicated.  PIKE Chapter exercised control over its visitor, guest, and/or invitee, Defendant, Adewusi's, conduct.

44.    PIKE Chapter exercised control over the premises upon which Plaintiff and Defendant, Adewusi, were served alcohol and Plaintiff became intoxicated.  PIKE Chapter served alcohol to underage visitors, guests, and/or invitees and continued to do so despite their increasingly intoxicated state.

45.    PIKE Chapter, PIKE International, and Rowan University owed a duty of care to Plaintiff and owed Plaintiff a duty to keep her safe and act with reasonable care toward her while she was on Defendants' premises.  PIKE Chapter, PIKE International, and Rowan University were under a duty to exercise reasonable care regarding the risk of harm that the conduct creates in the guests, visitors, and/or invitees it invites and the engagement of social activities associated with the fraternity.

46.    Defendants named in this Count breached the duty of care by acting with reckless disregard for Plaintiff's rights and well-being, causing her harm through non-consensual sexual intercourse.

47.    Defendants, PIKE Chapter, PIKE International, and Rowan University breached their duties by, among other things:

9

a.  relying on underage members to manage the PIKE Chapter, its activities, and the enforcement of risk management policies, the Code of Non-Academic Conduct, at the PIKE house;

b.  failing to adequately train the PIKE Chapter and its members and officers on risk management, alcohol and illegal drug policies, crisis management policies, sexual abuse and rape prevention, the Code of Non-Academic Conduct, chapter operations guide, and other management policies and procedures:

c.  failing to provide effective supervision and control over PIKE Chapter members, guests, visitors, and/or invitees, and activities authorized, directed, and participated in by those guests, visitors, and/or invitees;

d.  failing to implement reasonable measures to enforce state laws, local ordinances, the Code of Non-Academic Conduct, and fraternity policies to make PIKE Chapter's conduct safer;

e.  failing to implement reasonable measures to stop dangerous and/or unlawful activities which they knew, or should have known, were occurring within the PIKE Chapter house and PIKE Chapter sponsored events and/or parties;

f.  failing to implement and enforce reasonable safety/security measures when, by their own conduct, they created or increased the foreseeable risk that a guest such as Plaintiff might be harmed by the conduct of a visitor, guest, and/or invitee, including harm caused by the foreseeable criminal sexual conduct of Defendant, Adewusi;

g.  failing to discipline PIKE Chapter members for engaging in activities that created the dangerous conditions at the PIKE Chapter house, implicitly allowing those conditions;

h.  failing to support proper risk management, crisis management, sexual abuse prevention and education, and house management programs;

i.  hosting a social event and/or party while failing to provide appropriate monitors or security throughout the duration of the event to monitor the activities of both members and guests with the objective of promoting compliance with fraternity rules and policies, university rules and policies, local ordinances, New Jersey law, Rowan University's Code of Conduct, and general safety;

j.  failing to intervene to prevent the sexual abuse of the Plaintiff by other guests, visitors, and/or invitees of the PIKE Chapter supervised event and/or party despite actual and/or constructive knowledge of the act of abuse; and

k.  vicarious liability, including reckless conduct, for the errors and omissions of Defendants, Chudzinski, Schoch, Zaris, Fadojutimi, Lichter, Stamos, Eylon, Samara, Lynch, Mehaffey, and Oddo during the relevant time period.

10

l.   failure to supervise and monitor activity at the PIKE Chapter house during a PIKE Chapter sponsored event and/or party, despite serving alcohol to underaged visitors, guests, and/or invitees;

m.  failing to protect the Plaintiff from sexual abuse by Defendant, Adewusi

n.   failing to prevent the sexual abuse of Plaintiff by Defendant, Adewusi;

o.   failing to identify, stop, and/or prevent inappropriate and/or illegal behavior, including, but not limited to rape;

p.   failing to intervene to prevent the sexual abuse of the Plaintiff by other guests, visitors, and/or invitees of the PIKE Chapter supervised event and/or party despite actual and/or constructive knowledge of the act of abuse;

q.   failing to support proper risk management, crisis management, sexual abuse prevention and education, and house management programs;

r.   hosting a social event and/or party while failing to provide appropriate monitors or security throughout the duration of the event to monitor the activities of both members and guests with the objective of promoting compliance with fraternity rules and policies, university rules and policies, local ordinances, New Jersey law, Rowan University's Code of Conduct, and general safety; and

s.   failing to implement and enforce reasonable safety/security measures when, by their own conduct, they created or increased the foreseeable risk that a guest such as Plaintiff might be harmed by the conduct of a visitor, guest, and/or invitee, including harm caused by the foreseeable criminal sexual conduct of Defendant, Adewusi.

48.   In addition to the direct claims against Defendants, PIKE Chapter, PIKE International, and Rowan University, said Defendants are vicariously liable to Plaintiff for injuries sustained as a result of negligence, gross negligence, outrageous conduct and/or reckless misconduct, as described above, of persons or entities whose conduct was under their control, or right to control and whose conduct directly and proximately caused Plaintiff's injuries. Moreover, Defendants PIKE Chapter, PIKE International, and Rowan University ratified actions of their agents, thereby making Defendants, PIKE Chapter, PIKE International, and Rowan University vicariously liable for those acts.

11

49.     As a direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Plaintiff suffered the injuries described more fully elsewhere in this Complaint.

**WHEREFORE**, Plaintiff, C.K., hereby demands judgment against Defendants, Pi Kappa Alpha International, Inc., Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, Rowan University, John/Jane Does (1-10), and ABC Entities (1-10), for compensatory and punitive damages, interests, costs of suit, attorney's fees, and such other relief as the Court or jury may deem just and proper.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## C.K. v. PI KAPPA ALPHA INTERNATIONAL, INC., PI KAPPA ALPHA FRATERNITY – LOCAL CHAPTER MU ALPHA at ROWAN UNIVERSITY, ROWAN UNIVERSITY, OLUWATOMIWA ADEWUSI,
## JOHN/JANE DOES (1-10), AND ABC ENTITIES (1-10)

50.     Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

51.     Defendant, Oluwatomiwa Adewusi, by force and deception raped Plaintiff and caused Plaintiff to have sexual intercourse with him without her consent.

52.     The sexual abuse of Plaintiff by Defendant, Adewusi, proximately caused Plaintiff to suffer extreme humiliation and anxiety, severe emotional distress and mental anguish, and other physical and psychological injuries.

53.     As described above, the actions of Defendants, Pi Kappa Alpha International, Inc. Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, Rowan University, John/Jane Does (1-10), and ABC Entities (1-10), were conducted in a negligent and/or grossly negligent manner.

54.     Defendants, Pi Kappa Alpha International, Inc., Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, John/Jane Does (1-10), and ABC Entities (1-10), knew

12

or should have known that their actions would result in serious emotional distress to Plaintiff beyond what a normal person could be expected to endure.

55.     As a direct and proximate result of Defendants' negligence and/or gross negligence, Plaintiff suffered the injuries and damages described herein, including but not limited to, mental and emotional distress.

**WHEREFORE**, Plaintiff, C.K., hereby demands judgment against Defendants, Pi Kappa Alpha International, Inc., Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, Rowan University,  John/Jane Does (1-10), and ABC Entities (1-10), for compensatory and punitive damages, interests, costs of suit, attorney's fees, and such other relief as the Court or jury may deem just and proper.

## COUNT IV
## NEGLIGENT FAILURE TO PROVIDE A SAFE AND SECURE ENVIRONMENT
## C.K. v. PI KAPPA ALPHA INTERNATIONAL, INC., PI KAPPA ALPHA FRATERNITY – LOCAL CHAPTER MU ALPHA at ROWAN UNIVERSITY, ROWAN UNIVERSITY, JOHN/JANE DOES (1-10), AND ABC ENTITIES (1-10)

56.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs of the Complaint as if fully set forth at length.

57.     Defendants assumed a duty to protect the safety and welfare of Plaintiff, as more fully set forth above, when Plaintiff attended the PIKE Chapter sponsored event and/or party as a guest, visitor, and/or invitee.  This duty was imposed upon said Defendants; the responsibility to provide a reasonably safe and secure environment for Plaintiff while she was a guest, visitor, and/or invitee at the PIKE Chapter house.

58.     While Plaintiff was a guest, visitor, and/or invitee at Defendant, PIKE Chapter's, sponsored event and/or party, Defendants failed to exercise the degree of care that a reasonably prudent fraternity and/or university would have exercised under similar circumstances.

13

59.     The Defendants and their agents, servants, and employees were negligent, careless, and reckless, and acted willfully, wantonly, and were grossly negligent in failing to provide a safe and secure environment for Plaintiff while she was a guest, visitor, and/or invitee at PIKE Chapter's house, and, as such, was sexually abused by another guest, visitor, and/or invitee at PIKE Chapter's house.

60.     As a direct result of said conduct, Plaintiff has suffered the injuries and damages described herein.

**WHEREFORE**, Plaintiff, C.K., hereby demands judgment against Defendants, Pi Kappa Alpha International, Inc., Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University, Rowan University,  John/Jane Does (1-10), and ABC Entities (1-10), for compensatory and punitive damages, interests, costs of suit, attorney's fees, and such other relief as the Court or jury may deem just and proper.

## COUNT V
## SEXUAL ASSAULT AND BATTERY
## <u>C.K. v. OLUWATOMIWA ADEWUSI</u>

61.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs of the Complaint as if fully set forth at length.

62.     Defendant, Oluwatomiwa Adewusi, sexually assaulted Plaintiff as set forth in this Complaint.

63.     Defendant, Oluwatomiwa Adewusi, engaged in unlawful touching and other intrusions, including sexual intercourse, upon Plaintiff's person without Plaintiff's consent.

64.     As a direct and proximate result of the conduct described hereinabove, Plaintiff has suffered the injuries and damages described herein.

14

**WHEREFORE**, Plaintiff, C.K. hereby demands judgment against Defendant, Oluwatomiwa Adewusi, for compensatory and punitive damages, interest, costs of suit, attorney's fees, and such other relief as the Court or jury may deem just and proper.

## COUNT VI
## REQUEST FOR PUNITIVE/EXEMPLARY DAMAGES
## C.K. v. ALL DEFENDANTS

65.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs of the Complaint as if fully set forth at length.

66.     Defendants' conduct, as aforesaid, was willful, wanton, malicious, reckless, outrageous, and/or grossly negligent in nature.

67.     As a direct and/or indirect result of said conduct, Plaintiff has suffered the injuries and damages described herein.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly, severally, and/or in the alternative, for punitive damages, together with interests and costs.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues contained herein, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

## RULE 4:5-1 CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other pending and/or contemplated action or pending and/or contemplated proceeding.  I know of no other parties who should be joined in this action at this time.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Plaintiff hereby designates Paul A. Lauricella, Esq. as trial counsel for Plaintiff.

## DEMAND TO ANSWER FORM C UNIFORM INTERROGATORIES

Please take notice that pursuant to R. 4:17-1(b)(ii), Plaintiff demands certified answers to Form C of the Uniform Interrogatories set forth in the Appendix II to the Rules Governing Civil Practice.

McLAUGHLIN & LAURICELLA, P.C.

/s/ *Paul A. Lauricella*

PAUL A. LAURICELLA, ESQUIRE
W. ROBB GRAHAM, ESQUIRE
ALEXANDRA A. STULPIN, ESQUIRE
GAETANO D'ANDREA, ESQUIRE
MICHAEL MCFARLAND, ESQUIRE
JILLIAN ROTH, ESQUIRE

Date:   January 12, 2023                Attorneys for Plaintiff

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-000046-23

**Case Caption:** K. C. VS PI KAPPA ALPHA INTER
NATIONAL

**Case Initiation Date:** 01/13/2023

**Attorney Name:** MICHAEL J MCFARLAND

**Firm Name:** LAFFEY BUCCI & KENT LLP

**Address:** 1100 LUDLOW ST STE 300

PHILADELPHIA PA 19107

**Phone:** 2035307516

**Name of Party:** PLAINTIFF : K., C.

**Name of Defendant's Primary Insurance Company**
**(if known):** Unknown

**Case Type:** ASSAULT AND BATTERY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** YES

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: C. K.?** YES
**Plaintiff's date of birth:** 03/24/2002
**Est. date of first incident of abuse:** 02/04/2021

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO   **Title 59?** NO   **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/13/2023
Dated

/s/ MICHAEL J MCFARLAND
Signed

GLOUCESTER COUNTY COURTHOUSE
GLOUCESTER COUNTY CIVIL DIVISION
1 NORTH BROAD ST
WOODBURY          NJ 08096
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 878-5050
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:   JANUARY 13, 2023
                         RE:     K. C.  VS PI KAPPA ALPHA INTER NATIONAL
                         DOCKET: GLO L -000046 23

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON TIMOTHY W. CHELL

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     101
AT:  (856) 878-5050 EXT 15265.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                              ATT: MICHAEL J. MCFARLAND
                              LAFFEY BUCCI & KENT LLP
                              1100 LUDLOW ST
                              STE 300
                              PHILADELPHIA     PA 19107


ECOURTS

**McLAUGHLIN & LAURICELLA, P.C.**
**Paul A. Lauricella, Esquire**
Attorney I.D. No. 273402019
**W. Robb Graham, Esquire**
Attorney I.D. No. 034661983
**Alexandra A. Stulpin, Esquire**
Attorney I.D. No. 163562015
100 Century Parkway, Suite 160
Mount Laurel, New Jersey 08054
856-380-3999 (Phone)
856-380-3998 (Fax)

**LAFFEY, BUCCI & KENT LLP**
**Michael J. McFarland, Esquire**
Attorney I.D. No. 212292016
**Gaetano D'Andrea, Esquire**
(*Pro Hac Vice pending*)
**Jillian Roth**
(*Pro Hac Vice pending*)
371 Hoes Lane, Suite 200
Piscataway, NJ 08854
Phone: (215)-399-9255
Fax: (215)-241-8700
*Counsel for Plaintiff, C.K.*

| | |
|---|---|
| C.K.<br>c/o McLAUGHLIN & LAURICELLA, P.C.<br>100 Century Parkway<br>Suite 160<br>Mount Laurel, NJ 08054 | SUPERIOR COURT OF NEW JERSEY<br>GLOUCESTER COUNTY<br>LAW DIVISION – CIVIL PART |
|                         Plaintiff, | DOCKET NO.:  GLO-L-000046-23 |
| v. | **AFFIDAVIT OF SERVICE** |
| PI KAPPA ALPHA INTERNATIONAL<br>FRATERNITY, INC.<br>8347 West Range Cove,<br>Memphis, Tennessee 38125 | |
|                  -and- | |
| PI KAPPA ALPHA FRATERNITY-<br>LOCAL CHAPTER MU ALPHA at<br>ROWAN UNIVERSITY<br>201 Mullica Hill Road, | |

1

Glassboro, NJ 08028

-and-

ROWAN UNIVERISITY
201 Mullica Hill Road,
Glassboro, NJ 08028

-and-

OLUWATOMIWA ADEWUSI
504 Peach Street,
Avenel, NJ 07001

-and-

JOHN AND JANE DOES (1-10)

-and-

ABC ENTITIES (1-10)

Defendants.

     I, MICHAEL J. McFARLAND, ESQUIRE, being duly sworn according to law, deposes and says that he is the attorney for Plaintiff in the above matter; that service of the Plaintiff's Complaint was made upon Defendants, ROWAN UNIVERSITY, on January 19, 2023, via personal service evidenced by a copy of the Court House Legal Services, Inc. Affidavit of Service attached hereto as Exhibit A; that the facts set forth herein are true and correct to the best of the deponent's knowledge, information and belief.

**Laffey, Bucci & Kent LLP**

By: _____

MICHAEL J. MCFARLAND, ESQUIRE
*Attorney for Plaintiff*

Date: January 23, 2023

# EXHIBIT "A"

C.K. c/o MCLAUGHLIN &                     Plaintiff
LAURICELLA P.C.
            vs.
PI KAPPA ALPHA INTERNATIONAL              Defendant
FRATERNITY INC., et al.

**Person to be served** (Name & Address):
ROWAN UNIVERSITY
201 MULLICA HILL RD.
GLASSBORO, NJ 08028

**Attorney:**
LAFFEY BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107

Superior Court of New Jersey
Law Division
Gloucester County
Docket Number: GLO-L-0046-23

**AFFIDAVIT OF SERVICE**

(For Use by Private Service)

**Papers Served:** SUMMONS AND COMPLAINT, CIS

**Service Data:**

Served Successfully __X__     Not Served_____   Date: 1/18/2023 ___      Time: 12:50 pm ___     Attempts:_____

_____  Delivered a copy to him / her personally

_____  Left a copy with a competent household
            member over 14 years of age residing
            therein

___X___     Left a copy with a person authorized to
            accept service, e.g. managing agent,
            registered agent, etc.

Name of Person Served and relationship / title:

TRACY ASPER WOLAK

ASST. GENERAL COUNSEL/AUTHORIZED

**Description of Person Accepting Service:**

Sex: F ___   Age: 42 ___   Height: 5'7 ___   Weight: 140 ___   Skin Color: WHITE ___     Hair Color: BLONDE ___

**Unserved:**

(  ) Defendant is unknown at the address furnished by the attorney
(  ) All reasonable inquiries suggest defendant moved to an undetermined address
(  ) No such street in municipality
(  ) No response on: _____ Date _____ Time
                      _____ Date _____ Time

(  ) Other: _____

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on the 19th day of
January, 2023 by the affiant who is personally known to
me.

_____

NOTARY PUBLIC

CHRISTOPHER J. MULLEN
Commission # 2389225
Notary Public - State of New Jersey
My Commission Expires
September 03, 2024

I, Ed Lastowka, was at the time of service a
competent adult not having a direct interest in the
litigation. I declare under penalty of perjury that the
foregoing is true and correct.

_____     1/12/23
Signature of Process Server       Date

COURT HOUSE LEGAL SERVICES, INC.
112 Haddontowne Ct, Ste. 304
Cherry Hill, NJ 08034
(856) 428-4700
Our Job Serial Number: CHL-2023000529
Ref: C.K./ROWAN

**SUMMONS**

| | |
|---|---|
| Attorney(s) Michael J. McFarland, Esq. | **Superior Court of** |
| Office Address Laffey Bucci & Kent | **New Jersey** |
| Town, State, Zip Code 371 Hoes Lane, Ste 200 | |
| Piscataway, NJ 08854 | Gloucester County |
| Telephone Number 215-399-9255 | Law Division |
| Attorney(s) for Plaintiff C.K. | Docket No: GLO-L-0046-23 |
| C.K. c/o McLaughlin & Lauricella P.C. | |

Plaintiff(s)

**CIVIL ACTION**
**SUMMONS**

vs.

Pi Kappa Alpha International

Fraternity Inc., et al.

Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/S/Michelle M. Smith

Clerk of the Superior Court

DATED: 01/16/2023

Name of Defendant to Be Served: Rowan University

Address of Defendant to Be Served: 201 Mullica Hill Rd. Glassboro, NJ 08028

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**McLAUGHLIN & LAURICELLA, P.C.**
**Paul A. Lauricella, Esquire**
Attorney I.D. No. 273402019
**W. Robb Graham, Esquire**
Attorney I.D. No. 034661983
**Alexandra A. Stulpin, Esquire**
Attorney I.D. No. 163562015
100 Century Parkway, Suite 160
Mount Laurel, New Jersey 08054
856-380-3999 (Phone)
856-380-3998 (Fax)

**LAFFEY, BUCCI & KENT LLP**
**Michael J. McFarland, Esquire**
Attorney I.D. No. 212292016
**Gaetano D'Andrea, Esquire**
(*Pro Hac Vice pending*)
**Jillian Roth**
(*Pro Hac Vice pending*)
371 Hoes Lane, Suite 200
Piscataway, NJ 08854
Phone: (215)-399-9255
Fax: (215)-241-8700
*Counsel for Plaintiff, C.K.*

| | |
|---|---|
| C.K.<br>c/o McLAUGHLIN & LAURICELLA, P.C.<br>100 Century Parkway<br>Suite 160<br>Mount Laurel, NJ 08054 | SUPERIOR COURT OF NEW JERSEY<br>GLOUCESTER COUNTY<br>LAW DIVISION – CIVIL PART |
| Plaintiff, | DOCKET NO.: GLO-L-000046-23 |
| v. | |
| PI KAPPA ALPHA INTERNATIONAL<br>FRATERNITY, INC.<br>8347 West Range Cove,<br>Memphis, Tennessee 38125 | **AFFIDAVIT OF SERVICE** |
| -and- | |
| PI KAPPA ALPHA FRATERNITY-<br>LOCAL CHAPTER MU ALPHA at<br>ROWAN UNIVERSITY<br>201 Mullica Hill Road, | |

1

Glassboro, NJ 08028

-and-

ROWAN UNIVERISITY
201 Mullica Hill Road,
Glassboro, NJ 08028

-and-

OLUWATOMIWA ADEWUSI
504 Peach Street,
Avenel, NJ 07001

-and-

JOHN AND JANE DOES (1-10)

-and-

ABC ENTITIES (1-10)

Defendants.

I, MICHAEL J. McFARLAND, ESQUIRE, being duly sworn according to law, deposes and says that he is the attorney for Plaintiff in the above matter; that service of the Plaintiff's Complaint was made upon Defendants, PI KAPPA ALPHA FRATERNITY – LOCAL CHAPTER MU ALPHA AT ROWAN UNIVERSITY, on January 17, 2023, via personal service evidenced by a copy of the Court House Legal Services, Inc. Affidavit of Service attached hereto as Exhibit A; that the facts set forth herein are true and correct to the best of the deponent's knowledge, information and belief.

**Laffey, Bucci & Kent LLP**

By: _____
      MICHAEL J. MCFARLAND, ESQUIRE
      *Attorney for Plaintiff*

Date: January 23, 2023

# EXHIBIT "A"

C.K. c/o MCLAUGHLIN &          Plaintiff
LAURICELLA P.C.
        vs.
PI KAPPA ALPHA INTERNATIONAL    Defendant
FRATERNITY INC., et al.

Superior Court of New Jersey
Law Division
Gloucester County
Docket Number: GLO-L-0046-23

**AFFIDAVIT OF SERVICE**

(For Use by Private Service)

**Person to be served** (Name & Address):
OLUWATOMIWA ADEWUSI
504 PEACH ST.
AVENEL, NJ 07001

**Attorney:**
LAFFEY BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107

**Papers Served:** SUMMONS AND COMPLAINT, CIS

**Service Data:**

Served Successfully __X__   Not Served_____   Date: 1/19/2023 _____   Time: 8:42 pm _____   Attempts:_____

_____   Delivered a copy to him / her personally

___X___   Left a copy with a competent household member over 14 years of age residing therein

_____   Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

JANE DOE

GRANDMMOTHER

**Description of Person Accepting Service:**

Sex: F ___   Age: 75 ___   Height: 5-5 ___   Weight: 170 ___   Skin Color: AFRICAN _____   Hair Color: BLACK _____

**Unserved:**

(  ) Defendant is unknown at the address furnished by the attorney
(  ) All reasonable inquiries suggest defendant moved to an undetermined address
(  ) No such street in municipality
(  ) No response on: _____Date _____Time
                      _____Date _____Time

(  ) Other: _____

**Comments or Remarks:**
THE ELDERLY WOMAN HAD A VERY HEAVY ACCENT AND THE SERVER COULD NOT UNDERSTAND HER NAME. HE COULD ASCERTAIN THAT SHE IS THE GRANDMOTHER AND OLUWATOMIWA LIVES HERE.

**Server Data:**

Subscribed and Sworn to before me on the 20th day of January, 2023 by the affiant who is personally known to me.

NOTARY PUBLIC

CHRISTOPHER J. MULLEN
Commission # 2389225
Notary Public - State of New Jersey
My Commission Expires
September 03, 2024

I, Manny Bayo, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server          1/20/23
                                     Date

COURT HOUSE LEGAL SERVICES, INC.
112 Haddontowne Ct, Ste. 304
Cherry Hill, NJ 08034
(856) 428-4700
Our Job Serial Number: CHL-2023000530
Ref: C.K./ROWAN

## SUMMONS

Attorney(s)  Michael J. McFarland, Esq.

Office Address  Laffey Bucci & Kent

Town, State, Zip Code  371 Hoes Lane, Ste 200

Piscataway, NJ 08854

Telephone Number  215-399-9255

Attorney(s) for Plaintiff  C.K.

C.K. c/o McLaughlin & Lauricella P.C.

Plaintiff(s)

vs.

Pi Kappa Alpha International

Fraternity Inc., et al.
Defendant(s)

# Superior Court of New Jersey

Gloucester          County

Law          Division

Docket No: GLO-L-0046-23

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/S/Michelle M. Smith
Clerk of the Superior Court

DATED:  01/26/2023

Name of Defendant to Be Served:  Oluwatomiwa Adewusi

Address of Defendant to Be Served:  504 Peach St.  Avenel, NJ 07001

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**McLAUGHLIN & LAURICELLA, P.C.**
**Paul A. Lauricella, Esquire**
Attorney I.D. No. 273402019
**W. Robb Graham, Esquire**
Attorney I.D. No. 034661983
**Alexandra A. Stulpin, Esquire**
Attorney I.D. No. 163562015
100 Century Parkway, Suite 160
Mount Laurel, New Jersey 08054
856-380-3999 (Phone)
856-380-3998 (Fax)

**LAFFEY, BUCCI & KENT LLP**
**Michael J. McFarland, Esquire**
Attorney I.D. No. 212292016
**Gaetano D'Andrea, Esquire**
(*Pro Hac Vice pending*)
**Jillian Roth**
(*Pro Hac Vice pending*)
371 Hoes Lane, Suite 200
Piscataway, NJ 08854
Phone: (215)-399-9255
Fax: (215)-241-8700
*Counsel for Plaintiff, C.K.*

| | |
|---|---|
| C.K.<br>c/o McLAUGHLIN & LAURICELLA, P.C.<br>100 Century Parkway<br>Suite 160<br>Mount Laurel, NJ 08054<br><br>                Plaintiff,<br><br>       v.<br><br>PI KAPPA ALPHA INTERNATIONAL<br>FRATERNITY, INC.<br>8347 West Range Cove,<br>Memphis, Tennessee 38125<br><br>       -and-<br><br>PI KAPPA ALPHA FRATERNITY-<br>LOCAL CHAPTER MU ALPHA at<br>ROWAN UNIVERSITY<br>201 Mullica Hill Road, | SUPERIOR COURT OF NEW JERSEY<br>GLOUCESTER COUNTY<br>LAW DIVISION – CIVIL PART<br><br>DOCKET NO.:  GLO-L-000046-23<br><br><br>**AFFIDAVIT OF SERVICE** |

Glassboro, NJ 08028

-and-

ROWAN UNIVERISITY
201 Mullica Hill Road,
Glassboro, NJ 08028

-and-

OLUWATOMIWA ADEWUSI
504 Peach Street,
Avenel, NJ 07001

-and-

JOHN AND JANE DOES (1-10)

-and-

ABC ENTITIES (1-10)

Defendants.

I, MICHAEL J. McFARLAND, ESQUIRE, being duly sworn according to law, deposes and says that he is the attorney for Plaintiff in the above matter; that service of the Plaintiff's Complaint was made upon Defendants, PI KAPPA ALPHA FRATERNITY – LOCAL CHAPTER MU ALPHA AT ROWAN UNIVERSITY, on January 17, 2023, via personal service evidenced by a copy of the Court House Legal Services, Inc. Affidavit of Service attached hereto as Exhibit A; that the facts set forth herein are true and correct to the best of the deponent's knowledge, information and belief.

**Laffey, Bucci & Kent LLP**

By: _____
MICHAEL J. MCFARLAND, ESQUIRE
*Attorney for Plaintiff*

Date: January 23, 2023

# EXHIBIT "A"

C.K. c/o MCLAUGHLIN &              Plaintiff
LAURICELLA P.C.
            vs.
PI KAPPA ALPHA INTERNATIONAL       Defendant
FRATERNITY INC., et al.

Superior Court of New Jersey
Law Division
Gloucester County
Docket Number: GLO-L-0046-23

**Person to be served** (Name & Address):
PI KAPPA ALPHA FRATERNITY, MU ALPHA CHAPTER
7 NEW ST.
GLASSBORO, NJ 08028

**AFFIDAVIT OF SERVICE**

(For Use by Private Service)

**Attorney:**
LAFFEY BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107

**Papers Served:**  SUMMONS AND COMPLAINT, CIS

**Service Data:**

Served Successfully  _X_      Not Served_____      Date: _1/17/2023_      Time: _5:20 pm_      Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household
member over 14 years of age residing
therein

___X___ Left a copy with a person authorized to
accept service, e.g. managing agent,
registered agent, etc.

Name of Person Served and relationship / title:

KIA COSTA

CHAPTER PRESIDENT

**Description of Person Accepting Service:**

Sex: _M_     Age: _21_     Height: _6-0_     Weight: _195_     Skin Color: _WHITE_     Hair Color: _BLACK_

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
                     _____ Date _____ Time

( ) Other: _____

**Comments or Remarks:**

**Server Data:**

Subscribed and Sworn to before me on the 18th day of
January, 2023 by the affiant who is personally known to
me.

NOTARY PUBLIC

CHRISTOPHER J. MULLEN
Commission # 2389225
Notary Public - State of New Jersey
My Commission Expires
September 03, 2024

I, Ed Lastowka, was at the time of service a
competent adult not having a direct interest in the
litigation. I declare under penalty of perjury that the
foregoing is true and correct.

_Ed Lastowka_                    1|18|23
Signature of Process Server          Date

COURT HOUSE LEGAL SERVICES, INC.
112 Haddontowne Ct, Ste. 304
Cherry Hill, NJ 08034
(856) 428-4700
Our Job Serial Number: CHL-2023000528
Ref: C.K./ROWAN

## SUMMONS

Attorney(s) <u>Paul A. Lauricella, Esq.</u>

Office Address <u>100 Central Parkway, Suite 160</u>

Town, State, Zip Code <u>Mount Laurel, NJ 08054</u>

Telephone Number <u>856-380-3999</u>

Attorney(s) for Plaintiff <u>Paul A. Lauricella, Esq.</u>

C.K.

_____

Plaintiff(s)

vs.

Pi Kappa Alpha International Fraternity,

Inc., et. al.

Defendant(s)

# Superior Court of New Jersey

<u>Gloucester</u> ▼ County

<u>Law</u> Division

Docket No: <u>000046-23</u>

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

/s/ Michele S. Smith
_____
Clerk of the Superior Court

DATED: <u>01/16/2023</u>

Name of Defendant to Be Served: <u>Pi Kappa Alpha Fraternity - Local Chapter Mu Alpha at Rowan University</u>

Address of Defendant to Be Served: <u>201 Mullica Hill Road, Glassboro, NJ 08028</u>

Revised 11/17/2014, CN 10792-English (Appendix XII-A)



GAETANO A. D'ANDREA, ESQUIRE
JILLIAN P. ROTH, ESQURE
MICHAEL MCFARLAND, ESQUIRE
DIRECT DIAL: (215) 399-9255
E-MAIL: cvgdteam@laffeybuccikent.com

February 1, 2023

**Via Electronic Filing**
Hon. Timothy W. Chell
Judge of the Superior Court
Gloucester County Courthouse
1 North Broad Street
2nd Floor
Woodbury, NJ 08096

      **RE:**    ***C.K. v. Pi Kappa Alpha International Fraternity Inc., et al.***
               ***Docket No. GLO-L-000046-23***

Dear Hon. Judge Chell:

      Please be advised that on January 23, 2023, an incorrect Affidavit of Service was filed on behalf of Michael J. McFarland, Esq. in *C.K. v. Pi Kappa Alpha Fraternity Inc., et al.*, GLO-L-000046-23. Filing of Transaction ID: LCV2023336170 incorrectly names PI KAPPA ALPHA FRATERNITY – LOCAL CHAPTER MU ALPHA AT ROWAN UNIVERSITY as the Defendant served by Exhibit "A": Affidavit of Service to Defendant OLUWATOMIWA ADEWUSI.

      Attached is the true and accurate version of the Affidavit of Service with the corrections, dated January 25, 2023. I apologize to the Court for the inconvenience caused by this mistake.

      If there are any questions or concerns, please feel free to contact me.

                Very Truly Yours,

                **LAFFEY, BUCCI, & KENT, LLP**

                *Michael J. McFarland*

                _____
                Michael J. McFarland, Esquire
                *Attorney for Plaintiffs*

**McLAUGHLIN & LAURICELLA, P.C.**
**Paul A. Lauricella, Esquire**
Attorney I.D. No. 273402019
**W. Robb Graham, Esquire**
Attorney I.D. No. 034661983
**Alexandra A. Stulpin, Esquire**
Attorney I.D. No. 163562015
100 Century Parkway, Suite 160
Mount Laurel, New Jersey 08054
856-380-3999 (Phone)
856-380-3998 (Fax)

**LAFFEY, BUCCI & KENT LLP**
**Michael J. McFarland, Esquire**
Attorney I.D. No. 212292016
**Gaetano D'Andrea, Esquire**
(*Pro Hac Vice pending*)
**Jillian Roth**
(*Pro Hac Vice pending*)
371 Hoes Lane, Suite 200
Piscataway, NJ 08854
Phone: (215)-399-9255
Fax: (215)-241-8700
*Counsel for Plaintiff, C.K.*

| | |
|---|---|
| C.K.<br>c/o McLAUGHLIN & LAURICELLA, P.C.<br>100 Century Parkway<br>Suite 160<br>Mount Laurel, NJ 08054 | SUPERIOR COURT OF NEW JERSEY<br>GLOUCESTER COUNTY<br>LAW DIVISION – CIVIL PART |
| | DOCKET NO.:  GLO-L-000046-23 |
| Plaintiff, | |
| v. | |
| PI KAPPA ALPHA INTERNATIONAL FRATERNITY, INC.<br>8347 West Range Cove,<br>Memphis, Tennessee 38125 | **AFFIDAVIT OF SERVICE** |
| -and- | |
| PI KAPPA ALPHA FRATERNITY-LOCAL CHAPTER MU ALPHA at ROWAN UNIVERSITY<br>201 Mullica Hill Road, | |

1

Glassboro, NJ 08028

-and-

ROWAN UNIVERISITY
201 Mullica Hill Road,
Glassboro, NJ 08028

-and-

OLUWATOMIWA ADEWUSI
504 Peach Street,
Avenel, NJ 07001

-and-

JOHN AND JANE DOES (1-10)

-and-

ABC ENTITIES (1-10)

Defendants.

I, MICHAEL J. McFARLAND, ESQUIRE, being duly sworn according to law, deposes and says that he is the attorney for Plaintiff in the above matter; that service of the Plaintiff's Complaint was made upon Defendant, OLUWATOMIWA ADEWUSI, on January 19, 2023, via personal service evidenced by a copy of the Court House Legal Services, Inc. Affidavit of Service attached hereto as Exhibit A; that the facts set forth herein are true and correct to the best of the deponent's knowledge, information and belief.

**Laffey, Bucci & Kent LLP**

By: _____
      MICHAEL MCFARLAND, ESQUIRE
      *Attorney for Plaintiff*

Date: January 25, 2023

# EXHIBIT "A"

C.K. c/o MCLAUGHLIN &          Plaintiff
LAURICELLA P.C.
        vs.
PI KAPPA ALPHA INTERNATIONAL      Defendant
FRATERNITY INC., et al.

**Person to be served** (Name & Address):
OLUWATOMIWA ADEWUSI
504 PEACH ST.
AVENEL, NJ 07001

**Attorney:**
LAFFEY BUCCI & KENT, LLP
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107

Superior Court of New Jersey
Law Division
Gloucester County
Docket Number: GLO-L-0046-23

**AFFIDAVIT OF SERVICE**

(For Use by Private Service)

**Papers Served:** SUMMONS AND COMPLAINT, CIS

**Service Data:**

Served Successfully __X__   Not Served_____   Date: 1/19/2023        Time: 8:42 pm        Attempts:_____

_____ Delivered a copy to him / her personally

__X__ Left a copy with a competent household member over 14 years of age residing therein

_____ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

JANE DOE

GRANDMMOTHER

**Description of Person Accepting Service:**

Sex: F    Age: 75    Height: 5-5    Weight: 170    Skin Color: AFRICAN    Hair Color: BLACK

**Unserved:**

( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
                    _____ Date _____ Time
( ) Other: _____

**Comments or Remarks:**
THE ELDERLY WOMAN HAD A VERY HEAVY ACCENT AND THE SERVER COULD NOT UNDERSTAND HER NAME. HE COULD ASCERTAIN THAT SHE IS THE GRANDMOTHER AND OLUWATOMIWA LIVES HERE.

**Server Data:**

Subscribed and Sworn to before me on the 20th day of January, 2023 by the affiant who is personally known to me.

NOTARY PUBLIC

CHRISTOPHER J. MULLEN
Commission # 2389225
Notary Public - State of New Jersey
My Commission Expires
September 03, 2024

I, Manny Bayo, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server        1/20/23   Date

COURT HOUSE LEGAL SERVICES, INC.
112 Haddontowne Ct, Ste. 304
Cherry Hill, NJ 08034
(856) 428-4700
Our Job Serial Number: CHL-2023000530
Ref: C.K./ROWAN

**SUMMONS**

Attorney(s) <u>Michael J. McFarland, Esq.</u>

Office Address <u>Laffey Bucci & Kent</u>

Town, State, Zip Code <u>371 Hoes Lane, Ste 200</u>

<u>Piscataway, NJ 08854</u>

Telephone Number <u>215-399-9255</u>

Attorney(s) for Plaintiff <u>C.K.</u>

C.K. c/o McLaughlin & Lauricella P.C.

_____

Plaintiff(s)

vs.

Pi Kappa Alpha International

Fraternity Inc., et al.

Defendant(s)

**Superior Court of New Jersey**

<u>Gloucester</u>      County

<u>Law</u>            Division

Docket No: <u>GLO-L-0046-23</u>

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/S/Michelle M. Smith
Clerk of the Superior Court

DATED: <u>01/26/2023</u>

Name of Defendant to Be Served: <u>Oluwatomiwa Adewusi</u>

Address of Defendant to Be Served: <u>504 Peach St. Avenel, NJ 07001</u>

Revised 11/17/2014, CN 10792-English (Appendix XII-A)