

James A. Keller
Phone: (215) 972-1964
Fax: (215) 972-4152
James.Keller@saul.com
www.saul.com

March 9, 2023

**Via ECF**
Honorable Christine P. O'Hearn, U.S.D.J.
United States District Court, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

      Re:    <u>C.K. v. Rowan University, et al.</u>
              <u>No.: 1:23-cv-00968</u>

Dear Judge O'Hearn:

      This firm represents Defendant Rowan University ("Rowan") in the above-referenced matter. Pursuant to Your Honor's Individual Rules, Rowan respectfully requests a pre-motion conference in advance of its anticipated motion to dismiss Plaintiff C.K.'s ("Plaintiff") Complaint.

**A.    Background and Procedural History**

      On January 13, 2023, Plaintiff initiated this action in New Jersey Superior Court against Rowan and Co-Defendants Pi Kappa Alpha International Fraternity, Inc. ("PIKE International"), Pi Kappa Alpha Fraternity – Local Chapter Mu Alpha at Rowan University ("PIKE Chapter"), and Oluwatomiwa Adewusi ("Adewusi"). (Doc. 1, Ex. A.) On February 17, 2023, Rowan filed a Notice of Removal. (Doc. 1.)

      Plaintiff's Complaint stems from an alleged sexual assault that occurred at a party hosted by PIKE Chapter on February 4, 2021. (Doc. 1, Ex. A, at ¶ 20.) Plaintiff alleges that the party "involved [the] unfettered consumption of alcohol by all attendees, irrespective of age." (*Id*. at ¶ 23.) Plaintiff was eighteen years old at the time of the alleged assault by Adewusi. (*Id*. at ¶¶ 21, 24.)[1] As to Rowan, Plaintiff alleges that the PIKE Chapter house at which the assault occurred was located on Rowan's campus. (*Id*. at ¶ 31.) Plaintiff alleges that Rowan "was deliberately indifferent to a known risk of physical and sexual assault by visitors, guests, and/or invitees of a PIKE Chapter sponsored event and/or party." (*Id*. at ¶ 34.) Further, Plaintiff asserts that Rowan,

---

[1] The Complaint does not allege that Plaintiff or Adewusi were students of Rowan (or otherwise affiliated with it).

Centre Square West ◆ 1500 Market Street, 38th Floor ◆ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

March 9, 2023
Page 2

among other defendants, "owed Plaintiff a duty to keep her safe and act with reasonable care toward her while she was on Defendants' premises." (*Id*. at ¶ 45.)

The Complaint asserts five claims against Rowan: (1) state created danger under 42 U.S.C. §1983 (Count One); negligence and/or gross negligence (Count Two); negligent infliction of emotional distress ("NIED") (Count Three); negligent failure to provide a safe and secure environment (Count Four); and punitive damages (Count Six). As set forth below, each of these claims should be dismissed.

**B.**     **Plaintiff Has Failed to State a Claim for All Five Causes of Action Against Rowan**

1.     *Plaintiff Has Not Alleged an Actionable § 1983 Claim (Count One)*. Public entities may only be held liable under § 1983 for actions of *employees* that "are effected pursuant to some policy, practice, or custom of the entity." *Graham v. Huevel*, No. 10-1268, 2011 WL 1256607, at *2 (D.N.J. Mar. 28, 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). A claim for § 1983 state created danger requires a showing that (1) the harm to the plaintiff was foreseeable and direct; (2) a state actor acted with culpability that "shocks the conscience"—*i.e.*, with willful disregard or deliberate indifference to the plaintiff's safety; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts; and (4) the state actor *affirmatively* used his or her authority to create a danger to the plaintiff. *Id.* at *5-6 (citations omitted). A harm is "foreseeable" when the state actor has "actual awareness, based on concrete information, of a risk of harm to an individual." *Id*. at *5. Here, the Complaint does not allege that Rowan had any notice of potential harm to Plaintiff before it occurred, or did anything to "increase the risk" to Plaintiff. Plaintiff also does not plead that she notified any representatives of Rowan of the alleged sexual assault, nor that any employee of Rowan took an improper action of any kind – whether before or after the alleged assault. Without this, and without any allegation of "notice" to Rowan (prong 1), Plaintiff's claim must fail. *Id.* at *6. Further, Plaintiff does not plead any "affirmative acts" by Rowan which increased her risk of danger (prong four). *Id.* In addition to its substantive deficiencies, Plaintiff's § 1983 claim should be dismissed because Rowan is an "arm of the state" immune from suit under the Eleventh Amendment. *See Maliandi v. Montclair State Univ.*, 845 F.3d 77, 86 (3d Cir. 2016)*; Nannay v. Rowan Coll.*, 101 F. Supp. 2d 272, 284 (D.N.J. 2000). For all of these reasons, Count One should be dismissed.

2.     *Plaintiff's Negligence-Based Claims Should be Dismissed (Counts Two, Three, and Four)*. Plaintiff has failed to plead the elements of a simple negligence claim, much less a claim for gross negligence. Plaintiff's common law negligence claims against Rowan appear to be brought under a theory of premises liability, as Plaintiff alleges she was sexually assaulted at PIKE Chapter's house, which is allegedly located on Rowan's campus. (Doc. 1, Ex. A, at ¶ 31.)[2] In New Jersey, "[p]remises liability is a subset of general negligence law." *Peguero v. Tau Kappa Epsilon Loc. Chapter*, 439 N.J. Super. 77, 88 (App. Div. 2015). To state a claim for negligence, the plaintiff must allege that: (a) "the defendant owed a duty of care;" (b) "the defendant breached that

---

[2] Rowan has no on-campus Greek housing.

March 9, 2023
Page 3

duty;" (c) there is "actual and proximate causation" between the defendant's breach and the plaintiff's damages; and (d) "damages." *Fernandes v. DAR Dev. Corp.*, 222 N.J. 390, 403-04 (2015). Courts consider the following factors to determine whether a duty of care is owed (which is a question of law): "fairness and public policy, foreseeability; the relationship between the parties; the nature of the conduct at issue; and 'the ability to alter behavior to avoid injury to another.'" *G.A.-H. v. K.G.G.*, 238 N.J. 401, 414 (2019) (citation omitted). To the extent Plaintiff alleges that there was a duty to create a safe physical space, such duty would apply to the owner of the premises, which is not Rowan.[3] Further, to the extent Plaintiff alleges that Rowan, as a university, owes a general duty to its students to create a safe environment, it is well-established that no such duty exists. *See, e.g.*, *Bradshaw v. Rawlings*, 612 F.2d 135, 138 (3d Cir. 1979) (recognizing "that the modern American college is not an insurer of the safety of its students."); *Humphries v. Pennsylvania State Univ.*, No. 4:20-CV-00064, 2021 WL 4355352, at *10 (M.D. Pa. Sept. 24, 2021) (granting 12(b)(6) dismissal of negligence claim, noting that the broad duty suggested by the plaintiff would lead to the "unacceptable" result that colleges would be "'an insurer of the safety of its students'") (quoting *Rawlings*, 612 F.2d at 138); *see also Jean v. Bucknell Univ.*, 534 F. Supp. 3d 404, 407-08, 411 (M.D. Pa. 2021) (dismissing negligence claim against a university, holding that it did not owe a duty to plaintiff, where plaintiff was hazed at a fraternity house on campus). Here, Rowan did not owe any legal duty to Plaintiff to prevent the criminal act of Adewusi, an individual unaffiliated with Rowan, which occurred off-campus on a property in which Rowan had no ownership interest. This failure to establish a duty owed to Plaintiff is fatal to all of her negligence claims.[4]

      3.    *"Punitive Damages" is Not a Standalone Cause of Action (Count Six)*. There is no standalone cause of action in New Jersey for punitive damages, and Count Six should be dismissed on this basis alone. *See Hassoun v. Cimmino*, 126 F.Supp.2d 353, 372 (D.N.J. 2000) (holding that "[p]unitive damages are a remedy incidental to [a] cause of action, not a substantive cause of action in and of themselves"). Furthermore, Plaintiff does not plead any *facts* indicating that Rowan acted with actual malice or a wanton or willful disregard to her safety, and her negligence claims—regardless of degree—cannot support a punitive damages award. *See N.J.S.A.* 2A:15-5.12(a). Instead, Plaintiff merely alleges, without supporting facts, that Rowan's conduct "was willful, wanton, malicious, reckless, outrageous, and/or grossly negligent in nature." (Doc. 1, Ex. A at ¶ 66.) Putting aside the conclusory nature of this allegation, at most, the Complaint alleges that Rowan owned the land where the alleged sexual assault of Plaintiff occurred. However, there are no allegations that the sexual assault was ever reported to Rowan or that Rowan was otherwise made aware of it prior to the initiation of this lawsuit. For these reasons, Count Six should be dismissed.

---

[3] The so-called "PIKE Chapter house" is not located on Rowan's campus or owned by Rowan. Indeed, as noted above, Rowan does not have any on-campus Greek housing. Rowan is happy to submit an affidavit regarding these points if needed.

[4] Count Four is titled "Negligent Failure to Provide a Safe and Secure Environment." No such cause of action exists in New Jersey. This claim appears to be duplicative of Count Two (*i.e.*, negligence and/or gross negligence). Further, Count Five (*i.e.*, Sexual Assault and Battery) is not directed to Rowan.

March 9, 2023
Page 4

**C.     Conclusion**

In light of the foregoing, the Complaint should be dismissed against Rowan for failure to state a claim.  Per the Court's procedures, Rowan respectfully requests a pre-motion conference to attempt to resolve these issues.

                                        Respectfully submitted,

                                        */s/ James A. Keller*

                                        James A. Keller

cc:     All Counsel of Record (via ECF)
        Michael J. McFarland, Esq. (via email)